Dear Mayor Vallien:
You have requested an opinion of the Attorney General regarding the payment of accrued annual leave to an Assistant Police Chief (Assistant Chief) of the City of Opelousas (City) who retired on June 23, 2000, after 27 years on the force. You state that leave records of the Police Department (Department) reflect that the Assistant Chief accumulated 2,245 hours of unused annual leave. You note that this employee was always given leave time when he requested it, and was never denied leave because of the exigencies of his employment.
You further state that the Assistant Chief has requested that the hourly rate used in calculating this payment be based on the combination of his salary and state supplemental pay. It should also be noted that, as Assistant Chief, this individual maintained his own annual leave records.
You note that, while the City and the Department have no formal written policies on the accumulation of, and payment for, unused annual leave, retiring police officers have traditionally been paid for such leave. However, no City employee has ever accumulated this much annual leave, and the necessity of paying same would create a severe financial burden on the City. Given this scenario, you ask how the City should proceed in resolving this issue.
R.S. 33:2214 provides, in pertinent part, the following with regard to annual leave for police officers:
 § 2214. Annual vacation; sick leave; recovery from third persons
 (1) Each employee of the police departments of the municipalities embraced by this Subpart, except the city of Westwego, shall, after having served one year with a respective department, be entitled and given with full pay an annual vacation leave of fifteen days during each calendar year, which shall not be denied any such employee for any reason whatsoever.
As can be gleaned from the above, while the statute requires an annual paid vacation of fifteen days, it makes no provision for the carryover or accumulation of unused annual vacation leave. This office has previously examined the nature of this benefit, and has determined that the purpose of a vacation is for providing rest and recuperation to police personnel. It is not for the purpose of accumulating a vacation or savings account unless that benefit is authorized by statute, rules or regulations and/or the custom or practice of the employer. Attorney General Opinion No. 92-383.
Opinion No. 92-383 further concluded that, unless the law authorizes the accumulation of leave, vacation days generally expire if they are not used. Obviously, the employee must be given the opportunity to take the leave as was done in the case at hand. In the event the law is silent on accumulation, we must next look to the policies, customs and/or practices of the City and Department. These policies should be formally adopted and uniform in their application.
As previously noted, there are no formal written policies regarding the accumulation, payment and maintenance of records for annual leave within the Department. Further, while we have no reason to believe the number of hours of accrued leave reflected on the Assistant Chief's records is inaccurate, the fact that the records were maintained solely by the Assistant Chief is problematical from the standpoint of generally accepted accounting and audit principles.
Finally, it should be noted that, under certain circumstances, the laws and jurisprudence of this State have held that accrued unused vacation time constitutes a vested right for which an employee must be compensated. R.S. 23:631. Knecht v. Board ofTrustees for State Colleges, 591 So.2d 690 (La. 1991) and Baudoinv. Vermilion Parish School Board, 692 So.2d 1316 (La.App. 3rd Cir. 1997) writ denied.
In light of the unique set of circumstances attending this request (i.e., the lack of a formal leave policy, number of hours claimed, self-maintenance of leave records, adverse financial impact on the City, etc.), it is the recommendation of this office that payment be made in accordance with the judgment of an appropriate court. We further believe it would be in the best interest of all parties involved that these proceedings be initiated as soon as possible.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj